Complainant, Albert J. Brodack, brings this bill of complaint alleging partnership between himself, Mary Slabowski, Gertrude Slabowski and Joseph Londino, and prays dissolution of the same. On October 20th, 1947, decree pro confesso was entered against the defendants, Mary Slabowski, Gertrude Slabowski and Joseph Londino, and the co-partnership was therein ordered dissolved and terminated and the assets liquidated for the benefit of the creditors and the co-partners.
It appears that on January 22d 1946, defendant Mary Slabowski entered into a lease with Charles L. Thomas, by the terms of which Thomas leased premises 219 Boardwalk, Seaside Heights, consisting of a plot of vacant land in Seaside Heights. The lease provided that any building constructed on said premises should on the expiration of the term of the lease belong to and become the property of the lessor. In February, 1946, complainant and the mentioned defendants became co-partners, and as such constructed on *Page 505 
said premises a building in which when completed they were to carry on a rooming house or hotel, doughnut and coffee shop. Their arrangement included an assignment of the lease, or if such assignment was by the lease prohibited, to hold the lease for the benefit of the partnership. Written co-partnership articles were executed March 30th, 1946, and the firm was therein designated to be known as "The Franklin House." The building was erected and consists of a three-story frame building with 24 rooms and two stores.
By the decree dissolving the partnership, David H. Harris was appointed receiver. The decree provided that the receiver take possession of the assets, which assets, until an order of this court made to the contrary shall be considered as in custodialegis, with a view to ultimate distribution amongst the creditors of the co-partnership and others lawfully entitled to participate therein according to law.
On January 26th, 1948, Charles L. Thomas, the lessor, petitioned the court for permission to bring suit at law to re-enter the premises and recover possession thereof alleging in the petition that the lease was forfeited because it provided as follows:
"Provided that if any petition in bankruptcy or insolvency or for the appointment of a receiver for the Lessee shall be filed by or against the Lessee, thereupon ipso facto and without entry or other action by the Lessor such action shall be deemed to constitute a breach of this lease and this lease shall become and be terminated * * *."
"Provided further that if * * * said Lessee shall suffer or permit any attachment, judgment or other process to be entered or issued against the Lessee, then at the option of the Lessor the whole of the rent then remaining unpaid for said term or any term of extension or renewal thereof, shall be and become payable forthwith, * * * and in addition at the option of the Lessor this lease shall immediately cease and become void and it shall be lawful for said Lessor without notice and without any demand for said rent to re-enter the said premises and remove all persons therefrom."
"It is mutually agreed between the parties hereto that any building erected upon the above described premises shall upon the termination of the above described lease, revert to the present owner." (Italics mine.)
The rent provided for in the lease for the vacant land therein described is $150 on signing the agreement; $150 *Page 506 
on or before March 1st, 1946; $400 on or before January 1st, 1947, and thereafter $500 a year for the term of the lease which was fifteen years.
On January 26th, 1948, receiver presented a petition setting forth that the main asset of the co-partnership was the mentioned lease and the building thereon erected by the co-partnership and petitioned the court for an order to sell the same "for the reason that economic conditions seem to indicate that the industrial real estate market will probably not improve in the immediate future, but rather is on the decline at the present time," and because further the lease of the premises provided that upon the termination thereof the building erected on the premises would revert to the lessor.
The matter of the receiver's petition to sell the leased premises and the argument on the notice of motion on the petition of the landlord for an order to grant leave to bring an action at law to terminate the lease were heard together on the 26th of January, 1948, on which day the application of the petitioning landlord for permission to bring suit at law to terminate the lease was denied and an order entered on the same day authorizing the receiver to sell the assets of the partnership and the interest of the co-partners in the lease subject to confirmation by the court on notice to the creditors and the co-partners.
I have been notified that from the order made denying the landlord's petition for permission to bring an action at law to terminate the lease an appeal has been taken and hence this opinion.
The lessee was Mary Slabowski. The receiver was appointed for the partnership in which she is a member and to which she assigned the lease. No receiver was appointed for the lessee. The lease contains no covenant against the assignment thereof. The right to sue a receiver or receive permission to bring an action at law against a receiver, rests in the discretion of the court, and "it is proper for the court, when application is made for leave to sue its receiver, to investigate the subject-matter of the petition, and if it appears that the case is free from difficulty, or that it involves no question which must necessarily be determined by an action at law, the court may *Page 507 
itself determine the matter on petition." High on Receivers
(4th ed.) ch. 8 p. 300 § 254.
The building erected on the leased premises by the partnership entailed a cost something in excess of $10,000. On this application of the landlord to bring suit at law on the lease the court before granting the petition had the duty to conduct a preliminary examination of the transaction to determine whether the matter cannot be disposed of in this court. Lehigh Coal andNavigation Co. v. Central Railroad Co., 38 N.J. Eq. 175. The bill of complaint seeking dissolution of the partnership as well as the verified petition presented by the landlord make it clear that the partnership was not insolvent. The dissolution of the partnership is sought because of disagreement between the partners.
The petition sets forth two judgments recovered against the original lessee, one in August and the other in October, 1947, the first for $21,000 which has been satisfied as appears by warrant of satisfaction exhibited to the court on the hearing, the other in the sum of $1,659 recovered by the First National Bank of Toms River. The latter judgment is in reality one against the co-partnership although alleged to be a judgment against the original lessee. This judgment will be satisfied out of the proceeds of the sale of the leased premises.
The provision with respect to forfeiture in the event of bankruptcy or insolvency does not apply to the instant case since the proceedings here are neither in bankruptcy nor insolvency, are not brought against the lessee, Mary Slabowski, and are not binding upon the partnership the assignee of the lease. There is neither mention of nor allusion to assigns, successors or any one else. Mary Slabowski is deliberately named as the lessee to be affected by the forfeiture clause. Here, the purpose and intent of the parties is plainly directed to forfeiture only in the event of bankruptcy or insolvency of the named lessee, and where such is the case a strained construction (especially in equity) should not be attempted to encourage forfeiture in an instance where none was contemplated. *Page 508 
In In re Clerc Chemical Corp., 142 Fed. Rep. 2d 672, the lease was made between Reilly Tar Chemical Corporation and Frederick D. Loeb, trading as Purax Chemical Products Company. The lease provided that where the lessee shall be adjudicated a bankrupty or file a voluntary petition in bankruptcy, then the lessor shall have the option to terminate the lease. There the lease also gave the lessee the right to assign the lease. Loeb assigned the lease to Clerc Chemical Corporation. Thereafter involuntary petition in bankruptcy was filed against Clerc Chemical Corporation and the corporation later adjudicated a bankrupt. Reilly Tar Chemical Corporation, the owner and lessor, served the assignee of the lease with notice exercising its option to terminate the lease because of the bankruptcy. The matter was heard by the referee in bankruptcy who sustained the receiver's position that the bankruptcy of Clerc did not operate as a forfeiture of the lease. On review by the District Court the order by the referee was confirmed and on appeal to the Circuit Court of Appeals, Third Circuit, the order of the District Court was affirmed.